73 F.3d 379
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Deborah REID, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 95-3679.
 United States Court of Appeals, Federal Circuit.
 Dec. 7, 1995.
 
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Deborah Reid appeals the January 12, 1995 initial decision of the Merit Systems Protection Board (MSPB or Board), in docket No. DA-0752-93-0285-M-1, which, upon remand from this court, upheld her removal as a civilian employee in the Department of the Air Force. See Reid v. Department of the Air Force, 34 F.3d 1079 (Fed.Cir.1994) (table). The initial decision became the final decision of the Board on June 13, 1995, when the Board denied Ms. Reid's petition for review. We affirm the decision of the Board.
 
 DISCUSSION
 
 2
 Ms. Reid was employed as a GS-4 Branch Secretary in the B-1B (B-1 Bomber) Program Office at Tinker Air Force Base (AFB), Oklahoma. During an investigation into possible theft by employees at Tinker AFB, the Air Force Office of Special Investigations (OSI) discovered possible illegal drug use among employees of the Army, Air Force Exchange Service (AAFES). Upon interview by the OSI, two AAFES employees, Ms. Snyder and Ms. Phillips, identified Ms. Reid as a supplier and user of marijuana. Both Ms. Snyder, who is Ms. Reid's sister, and Ms. Phillips admitted, by signed, sworn, handwritten statement, that Ms. Snyder had received marijuana from her sister, and Ms. Snyder further attested to getting "high" with Ms. Reid on numerous occasions.
 
 
 3
 Upon interrogation by the OSI on September 1, 1992, Ms. Reid admitted, by written, sworn statement, that she had smoked marijuana for three years until June 1992, that she no longer smoked marijuana because her boyfriend (now husband) did not use drugs, that she had purchased a 1/4 ounce bag of marijuana which she then brought onto the base, that she had sold marijuana off-base, that she, on occasion, brought a "joint" in her bag onto the base, and that she left the base on several occasion to smoke a "joint" during her lunch hour.
 
 
 4
 On September 4, 1992, based primarily on Ms. Reid's sworn statement, Ronald Stevens, the Branch Chief and recommending official, issued a Notice of Proposed Removal to Ms. Reid. On November 5, 1992, Wayne Jones, the Division Chief and deciding official, ordered the removal of Ms. Reid after reviewing and explaining the relevant factors in assessing penalties as set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981) (the Douglas factors) as they related to the facts of Ms. Reid's case. Ms. Reid was then dismissed from her position as of September 27, 1992, and that dismissal was upheld by the MSPB Administrative Judge (AJ).
 
 
 5
 On appeal, this court determined that Mr. Jones erroneously stated that Ms. Reid "bought" rather than "brought" drugs onto the base, and furthermore, when assessing possible mitigating circumstances, Mr. Jones again indicated that Ms. Reid "bought" drugs on base. Ms. Reid, as noted above, admitted to having brought drugs on base but never having bought them there. As the AJ's decision relied on Mr. Jones' erroneous statement, and since it was not discernible to what extent that statement influenced the AJ's or Mr. Jones' decision, this court remanded the case to the AJ to reconsider the Douglas factors in light of the erroneous statement of fact.
 
 
 6
 On remand, the AJ once again upheld Ms. Reid's dismissal, finding that "whether she 'bought' marijuana while on base pal[ed] in significance in relation to [her] overall sustained misconduct." Reid v. Department of the Air Force, No. DA-0752-93-0285-M-1, slip op. at 7 (MSPB Jan. 12, 1995). The Board denied Ms. Reid's petition for review.
 
 
 7
 This court must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 8
 Ms. Reid admitted repeatedly having possessed and used marijuana, having bought and sold marijuana, having brought marijuana in her possession onto the base, and having left the base during her lunch hour to smoke marijuana in her car--presumably returning then to work[1]. In his decision on remand, the AJ specifically stated he was rendering his decision "without consideration of [Ms. Reid] having bought any marijuana while on base." Slip op. at 3. Instead, he relied solely on Ms. Reid's admitted conduct as well as the detailed application of the Douglas factors to the other undisputed facts of the case set forth by Mr. Jones, removing from consideration Mr. Jones' misstatement regarding on-base purchase of marijuana. In addition, the AJ emphasized that Mr. Jones relied on the agency's table of penalties and consulted with the employee relations office to determine if removal was consistent with adverse actions in other cases at the base before ordering Ms. Reid's removal in this case. Therefore, presumably, Mr. Jones would have ordered removal even absent his understanding that Ms. Reid purchased ("bought") drugs on the base. The AJ detailed how Mr. Jones' rationale for removal was based on many forms of misconduct exhibited by Ms. Reid and was not dependent on the mistaken fact.
 
 
 9
 It is clear that the AJ's decision to uphold Ms. Reid's dismissal as a proper penalty under the Douglas factors, in light of the facts, is supported by substantial evidence, is in accordance with law, and conforms to the requirements of our remand. We, therefore, affirm.
 
 
 
 [1]
 Ms. Reid claims not to have returned to work after leaving during lunch hour to smoke marijuana. However, that she allegedly did not return to work at all instead of returning to work under the influence of illegal drugs, is not particularly admirable either. In any event, her removal was not based on unauthorized absences. Whether she did or did not return to work is unclear